**Narciussus DELLAMORE, Plaintiff,**

v.

**C.O. STENROS, et al., Defendants.**

**No. 92 Civ. 7685 (SS).**

United States District Court,
S.D. New York.

Feb. 16, 1995.

**350**

Narciussus Dellamore, Beacon, NY, pro se.

Dennis Vacco, Atty. Gen., State of N.Y. (Lisa R. Dell, of counsel), New York City, for defendants.

## *MEMORANDUM OPINION AND ORDER*

SOTOMAYOR, District Judge.

*Pro se* plaintiff Narciussus Dellamore ("Dellamore") brings this action pursuant to 42 U.S.C. § 1983 ("§ 1983"), alleging that corrections officers at the Woodbourne Correctional Facility ("Woodbourne") violated his constitutional rights during a strip search. Defendants seek to dismiss this action for failure to state a claim, as well as on qualified immunity grounds, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons discussed below, the motion is denied.

### *Background*

On August 15, 1992, Dellamore attended a Catholic Family Day event held inside the Woodbourne gymnasium, where prisoners were permitted visits from family and friends. To prevent contraband from being passed to prisoners during these visits, the New York State Department of Correctional Services promulgated Directive 4910, which sets forth guidelines on the conduct of post-visit searches. Strip frisks are searches that include visual inspections of body cavities, and are conducted after all "contact" visits. *See* Directive 4910, attached as Exhibit A to Notice of Motion dated August 17, 1994, at 11. Strip frisks do not entail any physical intrusions into the body, and may be performed by corrections officers. *Id.* at 22. In contrast, a body cavity search is a search that "involves an intrusion into a body cavity by the person conducting the search." *Id.* Body cavity searches may be performed only by trained medical personnel, such as physicians, physicians' assistants, and registered nurses. *Id.* at 24.

Defendant Correction Officer Dwayne Scott attempted to strip frisk Dellamore after his visit was over. Dellamore, however, refused to submit to a strip frisk. Dellamore alleges that Corrections Officers Allen Sicina, James Hopkins, Stephen Stenros and Sergeant Dwayne LaBagh joined Officer Scott in responding to Dellamore's refusal by harassing him. He also claims that he was handcuffed, placed in a chokehold, and then forced to bend over and submit to an anal cavity search. Dellamore alleges that he was physically penetrated by the finger of one of the officers during the anal cavity search.

### *Discussion*

 Rule 56(c) provides that summary judgment is appropriate when:

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The burden is on the moving party to show that no genuine issue of material fact exists. *Gallo v. Prudential Residential Servs., Ltd. Partnership,* 22 F.3d 1219, 1223 (2d Cir.1994) (citation omitted). A genuine issue of material fact exists where "the evidence is such that 'a reasonable jury could return a verdict for the nonmoving party.'" *Iacobelli Constr., Inc. v. County of Monroe,* 32 F.3d 19, 23 (2d Cir.1994) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). In determining whether a genuine issue of material fact exists, all ambiguities must be resolved and all inferences drawn in favor of the nonmoving party. *Id.*

"[T]he moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case." *Gallo,* 22 F.3d at 1223–24 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *DiCola v. SwissRe Holding (N.A.), Inc.,* 996 F.2d 30, 32 (2d Cir.1993)). Establishing the "'mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.'" *Rexnord Holdings, Inc. v. Bidermann,* 21 F.3d 522, 525 (2d Cir.1994) (quoting *Anderson,* 477 U.S. at 247–48, 106 S.Ct. at 2509–10). Rather, to defeat a summary judgment motion, the responding party must show the existence of a disputed material fact in light of the substantive law. *Iacobelli Constr.,* 32 F.3d at 23 (citing *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510).

On a summary judgment motion, courts construe the papers of *pro se* plaintiffs liberally. *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 175–76, 66 L.Ed.2d 163 (1980) (per curiam). To state a claim under § 1983, a plaintiff must allege that defendants, acting under color of state law, violated a federally protected right. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572 (1980).

Guided by these principles, I find that a grant of summary judgment would be inappropriate in this case. Taking Dellamore's allegations as true, I find that genuine issues of material fact need to be resolved. The key factual issue in this case is whether the defendants performed a strip frisk or a body cavity search. Dellamore claims that the officers performed a body cavity search in violation of Directive 4910, and the officers maintain that their search was an authorized strip frisk. This is the sort of factual dispute that simply cannot be resolved on a motion for summary judgment. Defendants offer an affidavit that Dellamore's medical records do not show any injuries or evidence of a penetration of his anal cavity. *See* Affidavit of Lisa Dell, sworn to August 17, 1994, at Ex. B. However, there is no evidence proffered that the penetration described would necessarily leave medical evidence. Therefore, this affidavit does not resolve the factual dispute.

Under the facts as he alleges them, Dellamore has stated viable § 1983 claims. Defendants admit that they searched Dellamore without a health care provider. *See* Affidavit of Dwayne LaBagh, sworn to August 11, 1994, at ¶¶ 15–22. Thus, assuming a factfinder were to find that a body cavity search was performed, the defendants' search would have denied Dellamore a federally protected interest. *See Kentucky Dept. of Corrections v. Thompson,* 490 U.S. 454, 460–61, 109 S.Ct. 1904, 1908–09, 104 L.Ed.2d 506 (1989) (discussing means by which state statutes can create Fourteenth Amendment liberty interests); *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (Fourth Amendment requires searches of prisoners to be conducted in a reasonable fashion); *Covino v. Patrissi,* 967 F.2d 73, 77–78 (2d Cir.1992) (finding that under Fourth and Fourteenth Amendments prisoners retain limited rights to bodily privacy).

Dellamore's allegations also state a violation of his Eighth Amendment rights. He essentially alleges that the officers placed him in a chokehold not for any security purpose, but rather out of malice. Defendants deny ever using a chokehold, and in fact maintain that minimal force was used be-

cause Dellamore offered little resistance. *See* Affidavit of James Hopkins, sworn to August 11, 1994, at ¶¶ 10–11. Defendants maintain that they are entitled to summary judgment because their use of force was minimal and in good faith. *See* Memorandum of Law in Support of Defendants' Motion for Summary Judgment at 9. Defendants also believe that Dellamore's excessive force claim fails as a matter of law because his medical records do not show any injuries from the use of an alleged chokehold. However, these arguments do not resolve the factual dispute surrounding whether a chokehold was, in fact, used. Defendants do not dispute that using a chokehold on a prisoner offering little resistance would state a colorable claim under the Eighth Amendments, as well as a violation of Directive 4910 which outlines the amount of force that may be used in searches. Moreover, if a chokehold was used, the fact that it did not cause any physical injuries goes to the amount of damages, if any, to which Dellamore may be entitled, rather than the legal sufficiency of his allegation. *See Hudson v. McMillian*, 503 U.S. 1, 8–10, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992) (significant injury not required to make out excessive force claim under Eighth Amendment).

Finally, defendants also seek summary judgment on qualified immunity grounds. Qualified immunity is available on a motion for summary judgment "if it appears, from undisputed facts, that an officer's conduct did not violate constitutional rights that were clearly established at the time of his [or her] actions, or if it was objectively reasonable for him [or her] to believe that his [or her] actions did not violate such rights." *Al-Jundi v. Mancusi*, 926 F.2d 235, 237 (2d Cir.), *cert. denied*, 502 U.S. 861, 112 S.Ct. 182, 116 L.Ed.2d 143 (1991) (citations omitted). The prohibition against the use of excessive or unauthorized force during a search is a decidedly established constitutional right. *See Whitley v. Albers*, 475 U.S. 312, 318–19, 106 S.Ct. 1078, 1083–84, 89 L.Ed.2d 251 (1986) (discussing extent of prisoners' rights under Eighth Amendment). Given the existence of the serious factual disputes discussed above, I cannot find as a matter of law that defendants' conduct did not violate

Dellamore's constitutional rights or was objectively reasonable.

### Conclusion

For the reasons discussed above, defendants' motion for summary judgment is denied. The Clerk of the Court is directed to enter this opinion and order accordingly.

**SO ORDERED.**